I. ROKEACH & SONS, INC., Plaintiff, *v.* ATLAS IMPORT & EXPORT CORPORATION, Defendant.

Supreme Court, Kings County, March 21, 1939.

*Jacob Aks*, for the plaintiff.

*Henry J. Buchman*, for the defendant.

DODD, J. Plaintiff moves for an injunction *pendente lite* restraining the defendant, an importer and exporter, from using the name " Rokeach Brand " in connection with the labeling, advertising and sale of wine distributed by it.

The business of the plaintiff was established in 1884 by the father of the president of the plaintiff corporation in the city of Kovna, Lithuania, where the elder Rokeach engaged in the business

of manufacturing soap, which was marked with three Hebrew letters in color. Subsequently Mr. Rokeach came to this country, and in 1894 commenced the manufacture of the said soap, using the same three Hebrew letters in color, and also engaged in the production and sale of Kosher vegetable oils and bottled and canned goods for domestic use. About 1906 he formed a partnership with his three sons, under the firm name of I. Rokeach & Sons, which partnership continued in the said business until 1911, when the plaintiff corporation was formed. In addition to the articles already mentioned, the corporation subsequently engaged in the production of honey, cocoa, fruit preserves, fish, soups and other articles and established for itself a wide reputation and good will for its products. The name and trade-mark " Rokeach " became well known as identified with products made and distributed by the plaintiff and its predecessors, and acquired a peculiar significance to the Jewish consuming public, denoting that the goods were produced by the plaintiff and were ritually prepared and permissible for use by Orthodox Jews. It expended a large sum of money in advertising its products in newspapers and periodicals and in displays in retail stores. In all of these advertisements, the name " Rokeach " conspicuously figured.

The defendant, since 1876, has been engaged in the production and sale of wine for ritualistic use and apparently has done a large and profitable business. Until recently, it had never used the name " Rokeach " in the advertising and sale of its products, but plaintiff alleges that about March 3, 1939, its attention was called to the fact that an advertisement appeared in a morning newspaper to the effect that it was offering for sale Kosher wine under the name of " Rokeach Brand," these words standing out prominently. The name of the defendant corporation was conspicuously displayed in these advertisements. A label somewhat similar to that used by the plaintiff was affixed to the bottles and jugs. This label contained in smaller type these words: " Kosher for Passover and the entire year. Prepared under the care of Orthodox Rabbis and supervised by Rabbi L. Rokeach." It also contained what appears to be a seal or stamp in Hebrew letters, with a facsimile signature of said Rabbi Rokeach.

Defendant claims that it has had no intention to deceive or defraud persons purchasing this brand of wine by creating the impression and belief that it was the plaintiff's product. It further claims that, by reason of the fact that the wine is prepared under the supervision of Rabbi Rokeach, it has the right to use his name in connection with the advertisement and sale of its products.

While I am of the opinion that there can be no legal objection to the use of the authentication that its products are prepared under the supervision of Rabbi Rokeach, I believe that the conspicuous labeling of its products " Rokeach Brand " would tend to mislead the purchasing public into the belief that this particular brand was the product of the plaintiff corporation. The mere fact that it employs said Rabbi Rokeach on a yearly basis does not authorize it to use the name " Rokeach Brand " in connection with the manufacture and sale of foods or beverages intended for the use of the Jewish people, even though these products may be non-competitive. (*Wayne County Produce Co.* v. *Gordon-O'Neill Co., Inc.*, 249 App. Div. 743; affd., 274 N. Y. 556.)

I am not impressed by defendant's argument that it will suffer serious financial loss and irreparable injury if an injunction *pendente lite* is granted. Its advertisement appearing in the March 6, 1939, issue of the *Beverage Retailer Weekly* indicates that it is now offering for sale at least seven other brands of Kosher wines. And plaintiff's reputation and good will are just as precious as defendant's.

Motion granted. Settle order on one day's notice.